UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER SOULLIERE, an individual,
SOULLIERE DECORATIVE STONE, INC.,
a Michigan corporation, MICHIGAN SKID
LOADER, INC., a Michigan corporation,
STONE CITY, INC., a Michigan corporation,
SOULLIERE'S STONE CITY, INC., a
Michigan corporation, SOULLIERE
WALL STONE, INC., a Michigan corporation,
PROTEK PRODUCTS, INC., a Michigan
corporation, SOULLIERE LEASING, L.L.C.,
a Michigan limited liability company,
SOULLIERE REALTY, L.L.C., a Michigan
limited liability company,

       Plaintiffs,   Case No. 2:13-cv-12028
v.           Judge Paul D. Borman
            Magistrate Judge Mark A. Randon

FRANK BERGER, an individual, DSSC
REALTY HOLDINGS, L.L.C., a Michigan limited
liability company, DSSC REALTY, L.L.C.,
a Michigan limited liability company,
STONESCAPE DESIGN, L.L.C., a
Michigan limited liability company,
STONESCAPE SUPPLY, L.L.C., a
Michigan limited liability company,
MACOMB SKID LOADER, L.L.C., a
Michigan limited liability company, LYRIC
TECHNOLOGY, L.L.C., a Michigan limited
liability company, DAWN SURMA, an
individual, TIM SHEA, an individual,
MATTHEW ESCH, an individual, JAMES
RISNER, an individual, NICHOLAS MAIORIANA,
an individual, BRIAN ROBERTS, an individual,
DAVID ATKINSON, an individual,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
PLAINTIFFS' MOTION TO REMAND (DKT. NO. 7)**

1

## I.      RECOMMENDATION

Plaintiffs' motion to remand (Dkt. No. 7) is pending.  The motion is fully briefed (Dkt. Nos. 18, 20); argument was heard on July 24, 2013.   For the reasons indicated below, this Magistrate Judge **RECOMMENDS** that Plaintiffs' motion be **GRANTED** and this case be **REMANDED** to the Macomb County Circuit Court.

## II.      FACTS AND PROCEDURAL HISTORY

For more than 30 years, Roger Soulliere has owned and operated one or more landscaping services and supplies companies ("the Soulliere Companies").  In 2012, after the Soulliere Companies were unable to pay several loans, Soulliere entered into negotiations with the bank.  The negotiations culminated in a surrender agreement: in exchange for the Soulliere Companies' voluntary surrender of their fixed assets (real estate, accounts receivable, etc.) the bank would allow them to keep their good will and reputation, intangible property, and various personal property items so they could stay in business.  In February of 2013, the Soulliere Companies continued operations from a new, leased location.

Unbeknownst to Soulliere, in January of 2013, an investor group ("Stonescape Investors") lead by Frank Berger, the Soulliere Companies' former Chief Executive Officer, purchased the surrendered fixed assets from the bank.  According to Soulliere, Stonescape Investors then: formed several new companies ("the Stonescape Companies") that provided the same business functions as the Soulliere Companies; began operations from the Soulliere Companies' former location; falsely implied to customers or potential customers that the Soulliere Companies were out of business; and, committed and continue to commit other acts that unlawfully or tortiously interfere with the Soulliere Companies' current business operations.

2

Key to the outcome here, Plaintiffs also allege that the Stonescape Companies unlawfully converted their websites (by changing ownership to the Stonescape Companies through re-registration) and email accounts to further the appearance that they were the continuation of the Soulliere Companies. As evidence of this conversion, Plaintiffs point to striking similarities between the Soulliere and Stonescape Companies' websites.

On April 11, 2013, Plaintiffs filed suit against Berger, the Stonescape Companies and several other individuals (collectively "Defendants") in Macomb County Circuit Court. Defendants timely removed the case to this Court, asserting federal question jurisdiction based *only* on Count V of Plaintiffs' Complaint, which alleged violations of United States trademark protection law against then co-plaintiff, Protek, Inc. (a company controlled by Soulliere).

After Defendants answered the Complaint, Plaintiffs filed an Amended Complaint, which removed Count V (and Protek, Inc. as a plaintiff). Plaintiffs now move to remand based on the absence of a federal question. In response, Defendants argue that Plaintiffs' Amended Complaint: (1) improperly "dismissed" Count V and Protek, Inc.; and, (2) raises claims preempted by copyright law – arising from Plaintiffs' allegations about the similarities between the "content, functions, product offerings, and appearance" of the Soulliere and Stonescape Companies' websites. Neither argument is persuasive.

## III.    ANALYSIS

### A.    Defendants' Removal was Proper

As an initial matter, Defendants' removal was proper, because Count V of Plaintiffs' Complaint, alleging trademark violations, raised a federal question under 28 U.S.C. § 1331. *See Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 612 (6th Cir. 2013). "Ordinarily,

3

determining whether a particular case arises under federal law turns on the well-pleaded complaint rule[,]" i.e., whether a federal question "necessarily appears in the plaintiff's statement of his own claim[.]" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (internal quotation marks omitted).  But, Plaintiffs' Amended Complaint removes Count V, "invokes no federal law – constitutional, statutory, or otherwise – and alleges only state law claims, strongly suggesting that this case belongs in the state court where . . . [it] was filed in the first place." *Lynn v. Sure-Fire Music Co.*, 237 F. A'ppx 49, at **52-53 (6th Cir. 2007).  Defendants argue that Plaintiffs were required to seek leave before amending the Complaint, and Plaintiffs' "dismissal" of Count V and Protek, Inc. (as a party) – via amendment – violated Federal Rule of Civil Procedure 41.  These arguments misapprehend the timing and effect of an amended complaint.

###    B.    Plaintiffs Were Not Required to Obtain Leave to Amend their Complaint or Comply with Fed. R. Civ. P. 41

Under Federal  Rule of Civil Procedure 15(a)(1)(B), "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading [if the pleading is one to which a responsive pleading is required]."  Therefore, Plaintiffs were not required to seek leave to amend – a complaint requires a responsive pleading and Plaintiffs filed their Amended Complaint 17 days after Defendants' Answer was served.

Plaintiffs' Complaint is now a nullity: an amended complaint supercedes all prior complaints.  *Drake v. City of Detroit*, 266 F. A'ppx. 444, 448 (6th Cir. 2008).  And, it logically follows that a claim not brought need not be dismissed under Federal Rule of Civil Procedure 41 or otherwise.[1]  This argument should be rejected.

---

[1] This Magistrate Judge recognizes that some courts have likened a motion for leave to amend (to remove a claim or party) to a motion for voluntary dismissal under Fed. R. Civ. P. 41.

4

### C.       The Court Should Exercise its Discretion and Order Remand

#### *1.       The Copyright Act does not Preempt Plaintiffs' State Claims*

Faced with Plaintiffs' Amended Complaint and motion to remand, Defendants now argue that federal copyright law provides an exception to the well-pleaded complaint rule: "when a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed." *Aetna Health Inc.*, 542 U.S. at 207.  Specifically, Defendants say that besides the discarded trademark violations, Section 301(a) of the Copyright Act preempts Plaintiffs' state-law claims – related to the similarity of the websites – because those claims fall within the subject matter of copyright law.  17 U.S.C. § 301.

Defendants' argument misses a critical consideration.  "Under § 301(a) of the Copyright Act, a state law claim is preempted if: (1) the work is within the scope of the 'subject matter of copyright,' as specified in 17 U.S.C. §§ 102, 103; *and* (2) the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. § 106."  *Lynn*, 237 F. A'ppx at *53 (emphasis added).  The second criteria is commonly referred to as the "equivalency requirement."

Although Plaintiffs' Amended Complaint includes claims related to the "content, functions, product offerings, and appearance" of the Stonescape Companies' websites and their likeness to the Soulliere Companies websites (Dkt. No. 4, ¶¶ 61, 93-98, 213-215) – arguably within the scope of the subject matter of copyright – the claims are not preempted because they

---

*See e.g., Johnson v. Conturier*, No. 05-cv-02046-RRB-KJM, 2006 U.S. Dist. LEXIS 77757, at *6-8, 2006 WL 2943160 (E.D.Cal. Oct. 13, 2006) (observing that using Fed R. Civ. P. 15(a) to drop a defendant was "the functional equivalent of a motion under [Fed. R. Civ. P. 41(a)(2)]"). But again, leave was not required in this case, a key distinction.

do not meet the equivalency requirement.

The gravamen of Plaintiffs' website allegations relate to the Stonescape Companies' conversion (through re-registration), use and control of the Soulliere Companies' websites to further the false impression that the Soulliere Companies are out of business and under new ownership – not that the Stonescape Companies violated any of the Soulliere Companies' copyrights (Dkt. No. 4, ¶¶ 201-223).  Plaintiffs seek injunctive relief, pursuant to state law, to prohibit Defendants from "accessing or utilizing" the Soulliere Companies' websites and email accounts; and require Defendants' transfer of the websites and email accounts back to the Soulliere Companies.  Because Plaintiffs cannot obtain this relief – for conversion or misappropriation – solely by establishing  a copyright violation (i.e., the copying of the websites' content), the equivalency requirement is not met.[2]  *See Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 456 (6th Cir. 2001) ("Equivalency exists if the right defined by state law may be abridged by an act which in and of itself would infringe one of the exclusive rights. . . . Conversely, if an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display in order to constitute a state-created cause of action, there is no preemption, provided that the extra element changes the nature of the action so that it is qualitatively different from a copyright infringement claim.").  Plaintiffs' state-law claims are not preempted by the Copyright Act; no federal claims remain.  Therefore, as an exercise of its

---

[2] This Magistrate Judge finds that the content similarities may be evidence of unlawful conversion, use or control of the Soulliere Companies' websites, but – without more – cannot establish it.  A claim for conversion or misappropriation of websites is not one of the exclusive rights under § 106 of the Copyright Act.  *See Lynn*, 237 F. A'ppx at *54 ("[a] claim solely to determine the ownership of copyrights is not among the exclusive rights conferred by § 106 of the Copyright Act and, ordinarily, is a matter of state law").

6

discretion, the Court should remand this case to state court. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754 (6th Cir. 2000) (remand is within the sound discretion of the district court once the lack of a federal question is determined).

## IV. CONCLUSION

For the foregoing reasons, this Magistrate Judge **RECOMMENDS** that Plaintiffs' motion be **GRANTED** and this case be **REMANDED** to the Macomb County Circuit Court.

The parties may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: August 8, 2013

7

### *Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, August 8, 2013, by electronic and/or first class U.S. mail.*

*Eddrey Butts*
*Case Manager to Magistrate Judge Mark A. Randon*
(313) 234-5542