


```
```


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER SOULLIERE, an individual,
SOULLIERE DECORATIVE STONE, INC.,
a Michigan corporation, MICHIGAN SKID
LOADER, INC., a Michigan corporation,
STONE CITY, INC., a Michigan corporation,
SOULLIERE'S STONE CITY, INC., a
Michigan corporation, SOULLIERE
WALL STONE, INC., a Michigan corporation,
SOULLIERE LEASING, L.L.C., a Michigan
limited liability company, SOULLIERE
REALTY, L.L.C., a Michigan limited
liability company,

              Plaintiffs,

v.

FRANK BERGER, an individual, DSSC
HOLDINGS, L.L.C., a Michigan
limited liability company,
STONESCAPE DESIGN, L.L.C.,
a Michigan limited liability company,
STONESCAPE SUPPLY, L.L.C.,
a Michigan limited liability company,
MACOMB SKID LOADER, L.L.C.,
a Michigan limited liability company,
LYRIC TECHNOLOGY, L.L.C.,
a Michigan limited liability company,
DAWN SURMA, an individual,
MATTHEW ESCH, an individual,
TIM SHEA, an individual, JAMES RISNER,
an individual, NICHOLAS MAIORIANA,
an individual, BRIAN ROBERTS,
an individual, DAVID ATKINSON,
an individual,

              Defendants.
_____/

Case No. 13-cv-12028

Paul D. Borman
United States District Judge

Mark A. Randon
United States Magistrate Judge

<u>OPINION AND ORDER ADOPTING MAGISTRATE JUDGE MARK A. RANDON'S
AUGUST 8, 2013 REPORT AND RECOMMENDATION (ECF NO. 23) and
GRANTING PLAINTIFFS' MOTION TO REMAND TO STATE COURT (ECF NO. 7)</u>

1

**INTRODUCTION**

This matter is before the Court on Defendants' Objections to Magistrate Judge Randon's August 8, 2013 Report and Recommendation to Grant Plaintiffs' Motion to Remand. (ECF No. 24, Defendants' Objections to Magistrate Judge's Report and Recommendation.) Plaintiffs filed a response to Defendants' Objections. (ECF No. 25.) This Court reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which valid objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court DENIES Defendants' Objections, ADOPTS the Magistrate Judge's Report and Recommendation, GRANTS Plaintiffs' Motion to Remand and REMANDS this action to state court.

**I.  BACKGROUND**

Plaintiffs allege a host of state law claims against the Defendants, including claims of unfair competition under the Michigan Uniform Trade Secrets Act, Mich. Comp. Laws § 445.1901 *et seq.*, violation of noncompete agreements under the Michigan Antitrust Reform Act, Mich. Comp. Laws § 445.774A, libel and slander. Plaintiffs' original Complaint included a claim alleging infringement of a United States Trademark protected mark (Count V Protek Trademark). On May 7, 2013, Defendants removed the case to this Court based upon the federal trademark allegations contained in Count V of the Complaint. (ECF No. 1, Notice of Removal). On May 24, 2013, Plaintiffs timely filed as of right a First Amended Complaint that added no new parties but deleted Count V of the Complaint, removed Plaintiff Protek Products, Inc., and retained each of the remaining parties and

each of the state law claims. (ECF No. 4, First Amended Complaint). On May 31, 2013, Plaintiffs filed a Motion to Remand (ECF No. 7) to which Defendants responded (ECF No. 18) and Plaintiffs replied (ECF No. 20). On July 24, 2013, Magistrate Judge Randon held a hearing on the Motion to Remand and issued his Report and Recommendation to grant the motion and remand this case to Macomb County Circuit Court. Defendants filed Objections to the Report and Recommendation that are now before the Court for review.

## II. STANDARD OF REVIEW

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Objections must be timely to be considered. A party who receives notice of the need to timely object yet fails to do so is deemed to waive review of the district court's order adopting the magistrate judge's recommendations. *Mattox v. City of Forest Park*, 183 F.3d 515, 519-20 (6th Cir.1999). "[A] party *must* file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (emphasis in original).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's

determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

Specific objections enable the Court to focus on the particular issues in contention. *Howard*, 932 F.2d at 509. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.* "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error" are too summary in nature. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

### III. ANALYSIS

Defendants object to Magistrate Judge Randon's Report and Recommendation on two grounds: (1) they assert that Magistrate Judge Randon improperly concluded that Plaintiffs were not required to comply with Fed. R. Civ. P. 41 or to obtain leave to amend their Complaint to delete Count V and to drop Protek Products, Inc. as a party Plaintiff; and (2) they assert that Magistrate Judge Randon improperly concluded that remand was appropriate where this Court retains subject matter jurisdiction over this action notwithstanding the amendment of Plaintiffs' Complaint. The Court rejects both objections and concludes that Magistrate Judge Randon correctly recommended remand of this action to state court.

First, Magistrate Judge Randon correctly concluded that Plaintiffs were not required to seek leave to amend their Complaint because their First Amended Complaint was filed 17 days after the filing of Defendants' responsive pleading to their original Complaint. *See* Fed. R. Civ. P. 15(a)(1)(B) ("[a] party may amend its pleading once as a matter of course within . . . 21 days after

service of a responsive pleading [if the pleading is one to which a responsive pleading is required]."). Federal Rule of Civil Procedure 15(a)(2) provides that "in all other cases," i.e. those in which an amendment is not filed within 21 days of receipt of a responsive pleading, a party may amend only with consent of the opposing party or leave of court. Fed. R. Civ. P. 15(a)(2). Defendants do not dispute that Plaintiffs were entitled to amend as of right when they did but argue that Plaintiffs' amendment should have been analyzed under Federal Rule of Civil Procedure 41(a) governing the voluntary dismissal of actions. By way of their First Amended Complaint, Plaintiffs dismissed a *claim*, not an *action*. Magistrate Judge Randon appropriately considered the amendment under Fed. R. Civ. P. 15, not Fed. R. Civ. P. 41. *See Mgmt. Investors v. United Mine Workers of Am.*, 610 F.2d 384, 394-95 (6th Cir. 1979) (observing that Rule 41 speaks of dismissal of *actions*, not *claims*, and holding that an amendment under Rule 15, not a dismissal under Rule 41, is the appropriate way to dispose of fewer than all of the claims or parties involved in the action); *TMW Enterprises, Inc. v. Fed. Ins. Co.*, No. 07-cv-12230, 2008 WL 786464, at *1 (E.D. Mich. March 21, 2008) (noting that dismissal of some but not all of an action or some but not all parties is governed by Rule 15, not Rule 41).

Under Rule 15(a)(1)(B), Plaintiffs were entitled to amend their complaint once without leave of Court within 21 days of Defendants' filing of their first responsive pleading, which Plaintiffs did in this case. Defendants' objections cite no authority for the proposition that Rule 41 is in play here, or that an amendment filed as of right under Fed. R. Civ. P. 15(a)(1)(B) which eliminates a claim and a party, as Plaintiffs' did here, must be accomplished by consent of the opposing party or leave of court. Magistrate Judge Randon correctly concluded that Plaintiffs were not required to obtain leave of Court to amend their complaint and were not required to comply with Fed. R. Civ. P. 41.

"An amended complaint supersedes an earlier complaint for all purposes." *In re Refrigerant Compressors Antit. Litig.*, __F.3d__, 2013 WL 5338010, at *2 (6th Cir. 2013). Plaintiffs have filed a First Amended Complaint as of right that contains no federal claims. That First Amended Complaint supersedes their original Complaint. Defendants offer no authority for their suggestion that a claim that no longer exists by virtue of an amendment to the Complaint as of right must nonetheless be "dismissed."[1]

Secondly, Defendants' objections misconstrue the basis for Magistrate Judge Randon's recommendation to remand this action to state court. Defendants assert in their Objections that this Court is not divested of subject matter jurisdiction with the removal of the federal claim from Plaintiffs' Complaint. True but not germane. The issue presented by the motion to remand is not whether this Court continues to have subject matter jurisdiction following the amendment of Plaintiffs' Complaint to remove the federal claim. There is no dispute that subject matter jurisdiction is determined by examining the Complaint as it is filed and that a court continues to enjoy subject matter jurisdiction over an action which presented a federal question when filed even though a plaintiff amends his complaint to remove a federal claim. The question presented here is whether, with Plaintiffs' deletion of the federal claim by way of an amendment as of right, this Court in its discretion should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) and

---

[1] Although Plaintiffs clearly were under no obligation to seek leave of Court to amend their Complaint to eliminate the federal claim, which they were entitled to do in this case as of right, had they filed a motion for leave to amend under Rule 15(a)(2), the Court would have granted them leave to amend, which should be "freely granted" when justice requires, dismissed Count V of the original Complaint and granted the motion to remand. *See Chelten v. Wells Fargo Bank, N.A.*, No. 11-12369, 2011 WL 3706624, at *2-3 (E.D. Mich. Aug. 23, 2011) (granting plaintiffs' motion to remand filed with the stated intention of amending complaint to remove federal claim where case was in its very early stages, and dismissing the federal claim without necessity of formal filing of motion to amend).

remand the remaining state law claims. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000) ("When a subsequent narrowing of the issues excludes all federal claims, whether a pendant [sic] state claim should be remanded to state court is a question of judicial discretion, not of subject matter jurisdiction.") (internal quotation marks and citation omitted) (alteration in original); *Packard v. Farmers Ins. Co. of Columbus, Inc.*, 423 F. App'x 580, 584-85 (6th Cir. 2011) (finding no abuse of discretion in district court's decision not to exercise supplemental jurisdiction over state law claims after federal claims were removed by way of amendment to the complaint); *Chelten v. Wells Fargo Bank, N.A.*, No. 11-12369, 2011 WL 3706624, at *1 (E.D. Mich. Aug. 23, 2011) (dismissing federal claim based upon plaintiffs' stated intention to amend to remove federal claim, noting that "upon Plaintiffs' election to dismiss this federal claim, it is left to this Court's discretion whether to exercise supplemental jurisdiction over Plaintiffs' state-law claims, or whether to instead decline to exercise this jurisdiction and remand this case to state court").

Magistrate Judge Randon correctly concluded in this case that the Court should decline to exercise supplemental jurisdiction over the remaining claims of Plaintiffs' First Amended Complaint and should remand this matter to state court. "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (internal quotation marks and citation omitted). In making this discretionary call, a district court should consider several factors, "including the avoidance of multiplicity of litigation,"

and should "balance those interests against needlessly deciding state law issues." *Id.* (internal quotation marks and citations omitted). The district court also may consider "whether the plaintiff has engaged in any manipulative tactics . . . ." *Id.*

This case is in its infancy, Plaintiffs acted with dispatch in amending their complaint to remove the federal trademark claim, no Rule 16 Scheduling Conference has even occurred and Plaintiffs' claims involve a whole host of uniquely state law claims. Even assuming that Plaintiffs amended their complaint hoping to obtain a remand to their originally chosen forum, standing alone this does not weigh in favor of exercising supplemental jurisdiction here. *Gamel*, 625 F.3d at 953 (concluding that district court did not abuse its discretion in declining to exercise supplemental jurisdiction even having found that plaintiffs engaged in forum manipulation); *Chelten*, 2011 WL 3706624, at *3 (noting that finding of forum manipulation without additional factors that favored retaining jurisdiction does not mandate denial of remand). "[E]xercising supplemental jurisdiction [here] would not foster judicial economy and would result in . . . needlessly resolving issues of state law." *Gamel*, 625 F.3d at 953.

Having considered Defendants' objections, the Court finds that Magistrate Judge Randon correctly concluded in this case that the Court should decline to exercise supplemental jurisdiction over the state law claims presented in Plaintiffs' First Amended Complaint and appropriately recommended remand of this case to state court.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Objections to the Magistrate Judge's Report and Recommendation, ADOPTS the Report and Recommendation (ECF No. 23), GRANTS Plaintiffs' Motion to Remand (ECF No. 7) and REMANDS this action to Macomb County

Circuit Court, State of Michigan.

IT IS SO ORDERED.

Dated: 10-17-13

Paul D. Borman
United States District Judge